UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-280-RGJ

JERRI "CHERI" BARTLETT                                               Plaintiff

v.

PFIZER, INC.                                                              Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Pfizer, Inc. ("Pfizer") moves to Dismiss (the "Motion") [DE 5]. Briefing is complete. [DE 6; DE 8]. The matter is ripe. For the reasons below, the Court **GRANTS** Defendant's Motion [DE 5].

## I.      BACKGROUND

In February 2018, Jerri "Cheri" Bartlett ("Plaintiff") was prescribed and began using Prempro®, "an FDA-approved prescription conjugated estrogen and medoxyprogesterone medication." [DE 1-2 at 12; DE 5-1 at 20].

In March 2018, Plaintiff "began to feel ill" and "subsequently noticed a feeling of her hair 'being on fire' and her hair, 'began falling out.'" [DE 1-2 at 12]. Plaintiff claims that, after seeking medical attention, she was diagnosed with an "auto immune disorder or disorder referred to as Pamphiqus vulgaris, ('PV')." *Id.*

In March 2019, Plaintiff filed a *pro se* complaint ("Complaint"), under the "Product Liability Act of Kentucky . . . and other relevant and material statutes and law," against Defendant in Jefferson Circuit Court. *Id.* Plaintiff alleges that "as direct and proximate cause of the use of Prempro, [she] developed the auto immune disease PV, which will cause the potential lifetime use of 'steroids' and other medication and has resulted in physical and mental anguish, economic loss,

1

all of which is past, present & future." *Id.* Plaintiff further alleges that Defendant's "negligent tortuous conduct" in failing to "monitor and understand . . . the human physiological impact of the 'use' of Prempro" created "the clear and substantial risk of harm to [her] which manifest in the serious harm referred herein." *Id.* Plaintiff seeks $140,000,000 in damages. *Id.*

After removing Plaintiff's case to this Court, Pfizer filed this Motion. [DE 1; DE 5]

## II.　STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims

2

made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

"The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

### III. DISCUSSION

Defendant argues that Plaintiff's claim must be dismissed because "[t]o the extent that the KPLA claim is based on negligence theory, Plaintiff has not sufficiently pled a single element of this claim." [DE 5-1 at 22]. Plaintiff disagrees and requests that the "Court consider the well-established analysis articulated in a variety of ways in judicial writings or cases which distain (sic) dismissal of cases brought before the Bar of Justice without a fair exploration of both 'fact and law.'" [DE 6 at 30].

"In Kentucky, product liability actions are governed by the Kentucky Product Liability Act ('KPLA')." *Prather v. Abbott Labs.*, 960 F. Supp. 2d 700, 705 (W.D. Ky. 2013). Under the KPLA, a plaintiff may bring a claim for strict liability, negligence, or breach of warranty. *Id.* (citing *Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky.1985)). To prove a negligence claim, Plaintiff must establish: 1) a legally-cognizable duty; 2) a breach of that duty; 3) causation linking the breach to an injury; and (4) damages. *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016). "Causation consists of two distinct components: 'but-for' causation, also referred to as causation in fact, and proximate causation." *Id.* But-for causation "requires the existence of a direct, distinct, and identifiable nexus between the defendant's breach of duty . . . and the plaintiff's damages such that the event would not have occurred 'but for' the defendant's negligent or wrongful conduct in

3

breach of a duty." *Id.* "Because causation is a threshold requirement for products liability cases in Kentucky, the plaintiffs bear the burden of pleading facts that make it plausible that the manufacturing defendants caused the harm." *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 774 (E.D. Ky. 2017).

Here, the Court finds that, even under the less stringent standard applied to *pro se* litigants, Plaintiff has failed to plead all "material elements" of a claim under the KPLA.[1] *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) ("A . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (internal citations and quotation marks omitted).

Plaintiff appears to allege negligence. [DE 1-2 at 12 ("Pfizer's failure to monitor and understand and monitor and/or otherwise determine the humane physiological impact of the 'use' of Prempro . . . constitutes negligent tortuous conduct")]. But Plaintiff's Complaint neither alleges that Defendant owed her a duty nor breached one. Plaintiff has therefore failed to plead those required elements of a negligence claim. *See Estate of DeMoss by & through DeMoss v. Eli Lilly & Co.*, 234 F. Supp. 3d 873, 881 (W.D. Ky. 2017) (dismissing negligence manufacture claim stating that "[w]ith respect to the negligent manufacture claim, the Court finds that Plaintiffs have not included any factual allegations as to how Defendant breached the duty of care as to manufacturing of Effient or how Effient deviated from the Defendant's intended design").

---

[1] The Court finds that Plaintiff has also failed to plead a cause of action under "other relevant and material statutes and law relating contract and tortuous behavior arising out of and in the course of commerce and/or personal conduct in the Commonwealth of Kentucky." [DE 1-2 at 12]. Based on this generic language, the Court cannot determine whether Plaintiff is entitled to relief under these unspecified theories of liability. *See Southfield*, 570 F. App'x at 487 (6th Cir. 2014) ("A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief"). Thus, the Court must dismiss them.

Plaintiff has also failed to plead causation because, without a breach of duty, there can be no "nexus" between Defendant's "negligent" conduct and Plaintiff's damages. *Patton*, 529 S.W.3d at 729 (Ky. 2016) (But-for causation "requires the existence of a direct, distinct, and identifiable nexus between the defendant's breach of duty . . . and the plaintiff's damages such that the event would not have occurred 'but for' the defendant's negligent or wrongful conduct in breach of a duty"). Plaintiff's failure to plead duty therefore logically precludes her from pleading causation.

Even assuming otherwise, Plaintiff has not explained how Prempro caused her to develop PV. *See Red Hed Oil,* 292 F. Supp. 3d at 774 (dismissing suit because "[p]laintiffs simply recite legal conclusions that the products 'caused' the fire. Inserting Defendants' names into formulaic cause of action language does not satisfy federal pleading standards"). And Plaintiff "bear[s] the burden of pleading facts that make it plausible that the manufacturing defendants caused the harm." *Id*. Plaintiff's claim that Prempro caused her to develop PV is not plausible because, based on the "factual content" in the Complaint, the Court cannot draw the "reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Plaintiff has provided no evidence, other than her belief and assumption, that Prempro is a cause of PV, yet alone the "direct and proximate" cause of it. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) ("The mere fact that someone believes something to be true does not create a plausible inference that it is true"). Plaintiff has not carried her burden of "pleading facts that make it plausible that" Defendant harmed her. *Red Hed Oil, 292 F. Supp. 3d at 774.* Thus, the Court must dismiss her KPLA claim.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS AS FOLLOWS**:

(1) Defendant's Motion to Dismiss the Complaint [DE 5] is **GRANTED**.

Rebecca Grady Jennings, District Judge
United States District Court

February 24, 2020